UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24313-CIV-ALTONAGA

**DERRICK HERRON**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Movant, Derrick Herron's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 5] under 28 U.S.C. section 2255 and Memorandum in Support of Motion to Vacate [ECF No. 6], both filed on December 9, 2019. The Government filed a Response in Opposition to Movant's Successive Motion to Vacate [ECF No. 8], to which Movant filed a Reply [ECF No. 11]. The Court has carefully considered the parties' submissions, the record, and applicable law. For the following reasons, the Motion is denied.

**I.  BACKGROUND**

**The Offense Conduct**

This case arises from Movant and his co-conspirators "committing a series of violent crimes, including a number of armed robberies and home invasions, allegedly perpetrated to raise enough money to purchase a large quantity of drugs in order to open and operate a drug hole — an apartment where they would break the drugs up into smaller quantities and sell it [sic] at a

profit." *United States v. Brown*, 227 F. App'x 795, 797 (11th Cir. 2007).[1]

In 2004, a federal grand jury returned a Second Superseding Indictment [CR ECF No. 232],[2] charging Movant with: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. section 846 (Count 1); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. section 1951(a) (Count 2); conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime and to possess a firearm in furtherance of such crime, all in violation of 18 U.S.C. section 924(o) (Count 3); possession with intent to distribute cocaine, in violation of 21 U.S.C. section 841(a)(1) (Count 14); Hobbs Act robbery, in violation of 18 U.S.C. sections 1951(a) and 2 (Count 15); and using, carrying, and brandishing a firearm during and in relation to a crime of violence and a drug trafficking crime (namely, Counts 14 and 15) and to possess a firearm in furtherance of such crime, in violation of 18 U.S.C. section 924(c) (Count 16). (*See* 2d Superseding Indictment 1–3, 7–9).

**Closing Arguments**

Movant proceeded to a jury trial. *See Brown*, 227 F. App'x at 797. During closing arguments, the prosecutor described Movant and his co-conspirators' overlapping schemes to conduct a series of home invasions and car jackings, steal drugs or money for a drug distribution operation, and rob a "drug hole" where drugs were processed for distribution by rivals. (*See* Oct. 18, 2004 Trial Tr. ("Closing Args.") [CR ECF No. 324-1] 13:17–14:11, 14:22–15:11, 29:3–17). Regarding Count 3, Movant's section 924(o) charge (conspiracy to use a firearm in furtherance of a drug crime or crime of violence), the prosecutor emphasized the charge was predicated upon

---

[1] Movant challenged his convictions on appeal along with his co-defendants, Jaborie Brown, Cornell Adley, Travis Horne, and Anthony Williams. *See generally Brown*, 227 F. App'x 795.

[2] References to docket entries in Movant's criminal case, case number 03-cr-20678, are denoted by "CR ECF No."

"drug crimes, Hobbs Act robbery crimes or car-jackings." (*Id.* 15:2–3). The prosecutor instructed the jury that conspiracies do not require the conspirators' personal involvement in the underlying substantive crimes. (*See id.* 15:17–16:4).

Nevertheless, the prosecutor described Movant's personal involvement in the armed home invasion as charged in Count 14 (possession of a controlled substance), Count 15 (Hobbs Act robbery), and Count 16 (use of a firearm in relation to Counts 14 and 15):

> Count[] [14], possession with the intent to distribute five kilos or more. Count [15], the robbery, Count [16], the guns. . . .
>
> . . . . .
>
> Kiandre Glee told you how Dimmy had given Jaborie Brown information regarding drug dealers Dimmy had been associated with, the Andersons, dealers who had approximately five kilograms of cocaine the first time, five kilograms of cocaine the second time and more than five the third time. That's what they expected to get from the house.
>
> Kiandre Glee told you how Brown snuck through the window in the kitchen and then he let Glee and [Movant] into the house. This is the first time. He told you how Brown ran into one of the individuals inside the house in the kitchen and the other one was in the bedroom. He told you how they were armed, masked and that they were able to get just short of two kilograms of cocaine. They expected five, but they got just short of two.

(*Id.* 27:2–4, 12–25 (alterations added)). The prosecutor stated the conspiracy charges against Movant, including the section 924(o) charge in Count 3, were predicated on the three substantive counts in which Movant was personally involved — Counts 14, 15, and 16. (*See id.* 17:10–13; 26:25–27:4).

**Jury Instructions**

With respect to Count 3 — Movant's section 924(o) charge — the jury instructions stated the jury may convict if it found (1) Movant "committed a crime of violence *or* a drug trafficking crime;" and (2) Movant, during and in relation to the crime, conspired to use, carry, or possess a

3

firearm "in furtherance of a crime of violence *or* drug trafficking crime[.]" (Ct.'s Instrs. to the Jury ("Jury Instrs.") [CR ECF No. 325] 12 (alteration and emphasis added)). Regarding Count 16 — the section 924(c) charge — the jury was instructed the underlying predicate offense could be "the crime of violence charged in Counts 2 *or* 15 of the Superseding Indictment, or the drug trafficking crime charged in Counts 1 *or* 14 of the Superseding Indictment[.]" (*Id.* 19 (alteration and emphasis added)).

Additionally, with respect to Counts 3 and 16, the jury instructions stated that although Movant was charged with violating the law in "two separate ways[,]" it was "not necessary . . . for the Government to prove that a particular Defendant violated the law in both of those ways." (*Id.* at 20 (alterations added; original emphasis)). Rather, the jury was instructed that the Government can prove "a Defendant knowingly violated the law in either way, but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation." (*Id.* (original emphasis)).

**Convictions and Verdicts**

On October 22, 2004, the jury convicted Movant of Counts 1, 2, 3, 14, and 15 but found him not guilty of Count 16. (*See* Verdict [CR ECF No. 340] 1–3). Separately, the jury made specific factual findings relating to Counts 1, 2, 14, and 15. (*See generally* Suppl. Verdict [CR ECF No. 341]).

As to Movant's Count 1 conviction for the drug trafficking conspiracy, the jury found Movant "possess[ed] a dangerous weapon (including a firearm)" or it was "within the scope of [Movant]'s jointly undertaken criminal agreement and reasonably foreseeable to him that a co-conspirator possessed a dangerous weapon (including a firearm)[.]" (*Id.* 1 (alterations added)).

Regarding Movant's Count 2 conviction for conspiracy to commit Hobbs Act robbery, the

jury determined "a controlled substance [was] taken" or "taking a controlled substance [was] an object of the offense[.]" (*Id*. 2 (alterations added)). In addition, the jury found "a firearm [was] possessed, brandished, or discharged by [Movant] during the commission of the offense" or it was "within the scope of [Movant]'s jointly undertaken criminal agreement and reasonably foreseeable to him that a co-conspirator possessed, brandished, or discharged a firearm during the commission of the offense[.]" (*Id*. 2 (alterations added)).

With respect to Count 14, Movant's possession of a controlled substance with intent to distribute, the jury found "a dangerous weapon (including a firearm) [was not] possessed" "[i]n connection to the offense[.]" (*Id*. 3 (alterations added)).

Finally, as to Count 15, the Hobbs Act robbery, the jury determined "a controlled substance [was] taken" or "taking a controlled substance [was] an object of the offense[,]" but "a firearm [was not] possessed or brandished during the commission of the offense[.] " (*Id*. 3 (alterations added)).

On March 30, 2005, the Court sentenced Movant to 365 months' imprisonment, consisting of 365 months each for Counts 1 and 14 and 240 months each as to Counts 2, 3, and 15, all to be served concurrently. (*See* J. [CR ECF No. 492] 3). On November 29, 2016, the Court reduced Movant's sentence to 293 months' imprisonment pursuant to 18 U.S.C. section 3582 and U.S.S.G. Amendment 782. (*See* Order Regarding Mot. for Sentence Reduction [ECF No. 761] (reducing sentence); Nov. 28, 2016 Order [ECF No. 760] (granting Movant's Motion for Reduction of Sentence)).

**Appeal and Postconviction Proceedings**

In 2007, the Eleventh Circuit Court of Appeals affirmed Movant's conviction. *See generally Brown*, 227 F. App'x 795. At the time, Movant did not raise arguments relating to the

5

unconstitutional vagueness of any statutes under which the jury convicted him. *See generally id.* On August 22, 2008, Movant filed his first section 2555 motion to vacate his sentence, which the Court denied. *See Herron v. United States*, No. 08-cv-22335 (S.D. Fla. Aug. 22, 2008).

In 2016, Movant filed his first application to the Eleventh Circuit for leave to file a second or successive motions to vacate under section 2255, which the court denied. (*See* Order Granting Leave to File Successive Mot. [ECF No. 1] 4, 12–13 (noting Movant's prior application in case number 16-14069 challenging his section 924(o) conviction on Count 3 under *Johnson v. United States*, 576 U.S. 591 (2015))).[3] In 2019, Movant again applied to the Eleventh Circuit for leave to file a second or successive motion to vacate under section 2255, based on the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See id.* 2, 4, 15–16). The Eleventh Circuit granted his application because Movant "made a *prima facie* showing that he is entitled to relief under *Davis*" since his section 924(o) conviction was potentially predicated on an offense that was not determined to qualify as a crime of violence under section 924(c)(3). (*Id.* 6 (footnote call number omitted)).

In *Davis*, the Supreme Court extended its *Johnson* void-for-vagueness holding to 18 U.S.C. section 924(c). *See Davis*, 139 S. Ct. at 2324–25, 2336. Section 924(c) criminalizes using a firearm "during and in relation to any crime of violence or drug trafficking crime[.]" 18 U.S.C. § 924(c)(1)(A) (alteration added). "[C]rime of violence" is defined by two clauses. *Id.* § 924(c)(3) (alteration added; quotation marks omitted). First, the "elements clause" defines a crime of violence as a felony having "as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A). Second, the

---

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

6

"residual clause" includes in the crime of violence definition any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). The Supreme Court determined section 924(c)'s residual clause was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336.

## II. ANALYSIS

Movant challenges his section 924(o) conviction and sentence on the basis that the conviction may have rested on section 924(c)'s now-voided residual clause and is thus unconstitutional under *Davis*. (*See* Mem. 5–11). The Government does not dispute the possibility the jury may have convicted Movant based on an invalid predicate, instead contending (1) Movant procedurally defaulted his claims (*see* Resp. 3–8); and (2) the Motion fails on the merits because Movant has not met his burden to show the jury convicted based *solely* on the invalid predicate — the conspiracy to commit Hobbs Act robbery charged in Count 2 (*see id.* 8–10). The Court addresses each argument.

### A. Movant Procedurally Defaulted His Claim Because He Cannot Show Prejudice

The Government contends Movant's claim is barred by the procedural default rule because Movant failed to challenge section 924(c)'s residual clause at sentencing and on direct appeal.[4]

---

[4] Movant argues he is "actually innocent of the [sections] 924(c) and (o) conviction in Count [3.]" (Mem. 1 (alterations added); *see also* Reply 9). The Eleventh Circuit has found that for the innocence exception to apply, a movant "must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the [challenged conviction]." *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) (alteration added; emphasis omitted); *see id.* (determining the innocence exception does not apply to the movant's claim that he was erroneously sentenced as a career offender under the Sentencing Guidelines because a prior conviction was not a "crime of violence").

Here, Movant has not shown he is factually innocent of the conduct or underlying crimes, so he cannot rely on the actual innocence exception to excuse any procedural default. *See Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (classifying as "legal innocence" the movant's argument that he was innocent of an offense because a retroactive legal rule invalidated a predicate used for convicting on that offense and determining legal innocence was insufficient to excuse the movant's default).

(*See* Resp. 3–8).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a [section] 2255 proceeding." *McKay*, 657 F.3d at 1196 (alteration added; quotation marks and citation omitted). "But the [procedural-default] bar is not absolute." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (alteration added). A defendant "can overcome it if he establishes cause and prejudice." *Id.* (citation omitted).

*Cause.* "To show cause, a defendant must prove that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Cause exists "where a constitutional claim is so novel that its legal basis [was] not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984) (alterations added); *see also Bane*, 948 F.3d at 1296–97 ("The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel[.]" (alteration added; citing *Reed*, 468 U.S. at 16; other citation omitted)). Constitutional claims based on the Supreme Court overruling prior precedent are generally considered truly novel and not reasonably available to counsel. *See Reed*, 468 U.S. at 17 (explaining that "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a [] court to adopt the position that this Court has ultimately adopted" if that position overrides *stare decisis* (alteration added)).

Movant lacked a reasonable basis for challenging section 924(c)'s residual clause until, at the earliest, the Supreme Court's 2015 decision in *Johnson* — years after Movant's direct appeal. *See generally* 576 U.S. 591. In *Johnson*, the Supreme Court explicitly overruled *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), when it held

8

section 924(e)'s residual clause was unconstitutionally vague. *See* 576 U.S. at 606. The Supreme Court then extended this new rule of constitutional law to section 924(c)'s residual clause in *Davis*. *See* 139 S. Ct. at 2325–27.

As Movant lacked a reasonable basis at the time of his direct appeal to challenge section 924(c)'s residual clause, he has shown cause. *See, e.g.*, *Perez v. United States*, No. 16-22668-Civ, 2020 WL 5651210, at *6 (S.D. Fla. Sept. 23, 2020) (finding cause for failing to challenge section 924(c)'s residual clause prior to *Johnson* and *Davis*); *Adley v. United States*, No. 16-cv-22907, Order on Renewed Mot. Vacate, Set Aside, or Correct Sentence [ECF No. 34] 8–10 (S.D. Fla. Oct. 9, 2020); *Williams v. United States*, No. 19-cv-23162, Order on Mot. to Vacate, Set Aside, or Correct Sentence [ECF No. 15] 9–10 (S.D. Fla. Nov. 20, 2020).

***Prejudice.*** "[A]ctual prejudice is not merely that the errors at [the defendant's] trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (first alteration added; original emphasis; quotation marks omitted; quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). As the Supreme Court has explained, a defendant must demonstrate a "reasonable probability that the result of the [proceedings] would have been different" absent the alleged error. *Strickler v. Greene*, 527 U.S. 263, 289 (1999) (alteration added; quotation marks omitted).

Movant maintains his claim is not procedurally barred because section 2255(h) allows individuals "to challenge their conviction[s] and sentence[s] due to a change in law and . . . does not require [Movant] to establish prejudice." (Reply 4 (alterations added)). Section 2255(h)(2) indeed permits a second or successive motion based on a new rule of constitutional law. As described, the Eleventh Circuit granted Movant leave to file a second or successive motion in

accordance with this subsection. (*See generally* Order Granting Leave to File Successive Mot.). Nonetheless, Movant is incorrect that he is excused from the procedural-default bar. *See Magwood v. Patterson*, 561 U.S. 320, 340 (2010) ("[W]e underscore [] that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." (alterations added; footnote call number omitted)).

The Government argues Movant cannot show actual prejudice because the jury reasonably could have based its guilty verdict as to Count 3 on predicate offenses other than conspiracy to commit Hobbs Act robbery. (*See* Resp. 8). As further discussed below, Movant has not met his burden to show the jury more likely than not convicted based solely on the invalid predicate, and so he fails to establish prejudice. *See Whisby v. United States*, No. 16-22528-Civ, 2018 WL 11182394, at *6 (S.D. Fla. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 4101874 (S.D. Fla. Mar. 21, 2018) (finding the movant did not show actual prejudice from the failure to raise a *Johnson* argument on direct appeal because he was convicted of potential predicate offenses other than the one invalidated by *Johnson*); *Lampley v. United States*, No. 8:10-cr-484, 2018 WL 10810922, at *7 (M.D. Fla. Feb. 20, 2018) ("Lampley also cannot establish that the failure to raise his claim would have worked to his actual and substantial disadvantage because, as detailed below, his *Johnson* claim is meritless." (citing *Frady*, 456 U.S. at 170)).

Moreover, Movant does not argue his sentence would have been different had the *Davis* claim been raised. As stated, Movant was sentenced to 365 months' imprisonment, consisting of 365 months each for Counts 1 and 14 and 240 months each as to Counts 2, 3, and 15, all to be served concurrently. (*See* J. 3). The Court then reduced Movant's sentence to 293 months' imprisonment. (*See* Order Regarding Mot. for Sentence Reduction). Accordingly, even if Movant's Count 3 conviction were vacated because it relied on an invalid predicate under *Davis*,

10

Movant would still be serving his concurrent sentences for the remaining counts. *See United States v. Fuentes-Jimenez*, 750 F.2d 1495, 1497 (11th Cir. 1985) ("The concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, [a court] need not consider the validity of the convictions on the other counts." (alteration added; citations omitted)); *Leaks v. United States*, No. 8:11-cr-28, 2020 WL 2092840, at *5 (M.D. Fla. May 1, 2020) (invoking the concurrent sentence doctrine to deny a *Johnson* challenge to one of the movant's convictions because the movant had been sentenced concurrently on a separate count). Movant's concurrent sentences are "unaffected by [*Davis*,]" and he has not "made any showing of adverse collateral consequences[.]" *In re Williams*, 826 F.3d 1351, 1357 (11th Cir. 2016) (alterations added).

In short, actual prejudice is not shown. Nonetheless, assuming Movant's claim is not barred by the procedural-default rule, the Court proceeds to discuss the Motion's merits.

**B.    Movant Fails to Prove an Entitlement to Relief**

Under 28 U.S.C. section 2255, a federal prisoner may seek relief from the court that imposed his sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a) (alteration added). It is the movant's burden to show — by a preponderance of the evidence — that he is entitled to relief. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

"A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (citing *Stromberg v. California*, 283 U.S. 359 (1931); other citation omitted).

Such *Stromberg* instructional errors are not structural — exempting the instructions as a whole from harmless-error review and requiring automatic reversal — but rather trial errors subject to harmless-error review. *See id.* at 59–61 (citations omitted).

Harmless-error review is a standard applied to the record's facts, not a burden borne by the movant. *See O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) ("[W]e think it conceptually clearer for the judge to ask directly, 'Do I, the judge, think that the error substantially influenced the jury's decision?' than for the judge to try to put the same question in terms of proof burdens (*e.g.*, 'Do I believe the party has borne its burden of showing . . . ?')" (first alteration added)). In the habeas context, an error is not harmless if there is "more than a reasonable possibility" the error contributed to the conviction or sentence. *Al-Amin v. Warden, Ga. Dep't of Corr.*, 932 F.3d 1291, 1299 (11th Cir. 2019) (quotation marks and citation omitted). "When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless. And, the [movant] must win." *O'Neal*, 513 U.S. at 436. (alteration added). "Grave doubt" means "the matter is so evenly balanced that [the judge] feels [herself] in virtual equipoise as to the harmlessness of the error." *Id.* at 435 (alterations added; quotation marks omitted). The "risk of doubt" is on the Government. *Id.* at 439.

A movant can show an entitlement to habeas relief following a *Stromberg* error in two ways. First, the movant can show that the jury — more likely than not — convicted based *solely* on the invalid theory of guilt, because under those circumstances there is little doubt the error fatally infected the verdict. *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) (describing the burden of proof when a movant is challenging a section 942(c) conviction based on several predicate crimes of violence, including the *Davis*-invalidated conspiracy to commit Hobbs Act

12

robbery); *see also United States v. Brown*, 942 F.3d 1069, 1074–75 (11th Cir. 2019) (vacating district court's denial of a movant's section 2255 motion and summarily granting the motion, where the challenged conviction was based solely on conspiracy to commit Hobbs Act robbery).

Second, the movant can show the error was not harmless if the Court, upon review of the record — including the indictment, closing arguments, jury instructions, and specific factual findings by the jury — determines the jury *as likely solely relied on the invalid theory of guilt as not*. *See O'Neal*, 513 U.S. at 435 (instructing courts that when the evidence is evenly balanced, the risk of doubt is on the state); *see also Adams v. Wainwright*, 764 F.2d 1356, 1362 (11th Cir. 1985) (determining on which predicate offense a jury likely relied "by examining the jury instructions and the closing arguments made at trial and asking whether, under the circumstances, the jury could only have [relied on an invalid predicate]" (alteration added)); *cf. United States v. Spellissy*, 438 F. App'x 780, 783 (11th Cir. 2011) (reviewing the entire record in evaluating trial instructional error for harmlessness).

The parties do not dispute the presence of *Stromberg* error in the present case. The jury was instructed it could convict Movant on Count 3 based on several grounds, including the now-invalidated predicate "crime of violence" of conspiracy to commit Hobbs Act robbery; and the jury returned a general verdict, indicating the jury *may* have relied on the invalid predicate. (*See* Mem. 8–9; Resp. 1, 9). But merely showing *Stromberg* error does not warrant habeas relief if the error was harmless. *See Hedgpeth*, 555 U.S. at 58; *Adley*, No. 16-cv-22907, Order 13–17; *Williams*, No. 19-cv-23162, Order 13–16.

As an initial matter, Movant contends the Court *must* treat the invalid predicate as the sole operative predicate for his challenged convictions because it is the least serious of the offenses, thus entitling Movant to habeas relief under *Stromberg*. (*See* Mem. 5–11; Reply 5–6). Yet, this

presumption only applies "when determining whether an offense qualifies as a crime of violence, *not when determining which crime of violence underlies a defendant's [section] 924(c) conviction*." *Calderon v. United States*, 811 F. App'x 511, 516 (11th Cir. 2020) (alteration and emphasis added; citations omitted). At issue in the present case is which predicate crime or crimes the jury used to convict Movant; thus, the presumption does not apply. *See id.* As the Government notes, "there is no rule of law requiring a court to assume that the conviction rested solely on a non-qualifying predicate offense." (Resp. 10).

Movant insists "vacatur is required where it is 'impossible to tell' whether a defendant was convicted based on an unconstitutional alternatively-phrased ground." (Mem. 6 (citing *Stromberg*, 283 U.S. at 368; other citations omitted)). As stated, *Stromberg* error is shown here. But Movant fails to demonstrate the jury more likely than not relied on the invalid predicate in convicting on Count 3. *See Al-Amin*, 932 F.3d at 1299.

The Eleventh Circuit has explained a section 924(o) conviction does not rest solely on an invalid predicate when the underlying offenses are inextricably intertwined:

> [T]he substance of Cannon's [section] 924(o) firearm conspiracy conviction is that he and his co-conspirators agreed to, and did, possess a firearm in furtherance of an agreement to rob drug dealers' stash houses and to distribute any narcotics stolen during those robberies. . . . [T]here is some indication that the jury's [section] 924(o) verdict did not rest solely on the conspiracy to commit the Hobbs Act robberies predicate because (1) the robberies were inextricably intertwined with the charged conspiracy to possess with intent to distribute cocaine and marijuana, and (2) the jury found the narcotics conspiracy proven beyond a reasonable doubt. Where a [section] 924(o) verdict firmly rests on a clearly qualifying drug-trafficking predicate, there may not be a concern about a possible defect in a related crime of violence predicate.

*In re Cannon*, 931 F.3d at 1243–44 (alterations added; citation omitted).

Here, the prosecutor described a scheme to conduct an armed home invasion in which Movant and his co-conspirators snuck into a house of drug dealers and obtained almost two

kilograms of cocaine. (*See* Closing Args. 27:2–4, 12–25). Thus, the conspiracy to commit Hobbs Act robbery is inextricably intertwined with Movant's drug crime and Hobbs Act robbery convictions — including Movant's conviction for the drug trafficking conspiracy charged in Count 1, for which the jury specifically found Movant possessed a dangerous weapon (including a firearm) or it was reasonably foreseeable to him that a co-conspirator possessed a dangerous weapon (including a firearm). (*See* Suppl. Verdict 1). Moreover, although the jury instructions permitted the jury to convict on Counts 3 and 16 based solely on the invalid predicate of conspiracy to commit Hobbs Act robbery, the prosecutor never argued conspiracy to commit Hobbs Act robbery was a foundation for Count 3 regarding Movant. (*Compare* Jury Instrs. 12, 19, *with* Closing Args. 15:2–3, 17:10–13; 26:25–27:4).

Movant points out the Eleventh Circuit did not make the same findings it made in *In re Cannon* when it granted Movant's application to file a second or successive motion. (*See* Reply 6). But "*Cannon* was not a merits decision, and the Eleventh Circuit was only discussing issues that the district court might have to address. . . . [I]ts reasoning is nonetheless persuasive as to why the error in [Movant's] case did not have a substantial and injurious effect on the jury's verdict." *Medina v. United States*, No. 1:08-cr-20287, 2020 WL 6816507, at *3 (S.D. Fla. Sept. 17, 2020) (alterations added).

It is thus unlikely the jury convicted on Count 3 solely on conspiracy to commit Hobbs Act robbery. The prosecutor never argued that possibility, and the conspiracy to commit Hobbs Act robbery is inextricably intertwined with the drug crimes and Hobbs Act robbery for which Movant was convicted. Because there is no reasonable probability the jury relied solely on conspiracy to commit Hobbs Act robbery in convicting Movant on Count 3, the instructional error permitting that possibility is harmless. Harmless constitutional errors do not warrant habeas relief. *See*

*Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Thus, Movant is denied relief here.

C.     **Certificate of Appealability**

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The undersigned concluded Movant procedurally defaulted his claim; rejected Movant's argument that his Count 3 conviction must be vacated; and, having reviewed the *Stromberg* error's effect on Movant's verdict, found the error harmless. (*See supra* 9–15). Nevertheless, reasonable jurists may disagree with the Court's procedural-default analysis;[5] the manner of the Court's harmless-error review of the *Stromberg* error; or the Court's conclusions after examining the error for harmlessness. The Court thus grants a certificate of appealability on three issues: (1) whether the Court erred in determining Movant did not show prejudice to overcome his procedural default; (2) whether the Court erred in applying the reasonable probability harmless-error review standard to an error arising from a jury that was instructed on multiple possible predicate crimes — *one* of which is invalid — and a general verdict that does not specify the predicate(s) on which the jury relied; and (3) whether the Court erred in determining the error was harmless.

---

[5] In declining to apply the concurrent sentence doctrine to refrain from vacating the movant's section 924(c) conviction and sentence under *Davis*, the Eleventh Circuit noted "there is some tension in our precedent as to the scope of the concurrent sentence doctrine as to invalid convictions . . . ." *Solomon v. United States*, 796 F. App'x 681, 684 n.2 (11th Cir. 2020) (alteration added; collecting cases).

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Movant, Derrick Herron's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody **[ECF No. 5]** is **DENIED**.

2. A certificate of appealability is **GRANTED** on the issues identified above.

3. A judgment shall issue by separate order. The Clerk of Court is directed to **CLOSE** this case, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of December, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record